UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNANDO P.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY,[2] <br><br> Defendant. | Case No.:  20cv875-MSB <br><br> **ORDER GRANTING MOTION FOR FEES PURSUANT TO 28 U.S.C. § 406(b)(1)** <br><br> **[ECF NO. 18]** |

On June 10, 2024, Plaintiff's attorneys, Sherianne Laba and Karl E. Osterhout, of the Law Offices of Osterhout Berger Daley, LLC, filed a "Motion and Brief in Support for Fees Pursuant to 28 U.S.C. § 406(b)(1)"[3] in which they request an order granting attorneys' fees in the amount of $32,657.48.  (ECF No. 18, hereinafter "Motion.")  For

---

[1] Under Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  See SSA Commissioner, https://www.ssa.gov/agency/commissioner/ (last visited on July 11, 2024).  Accordingly, Martin O'Malley is substituted as the Defendant in this lawsuit.  See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party").

[3] Plaintiff's Motion refers to sections 206(b) and 406(b).  The Court applies 28 U.S.C. § 406(b)(1), which provides guidelines for assessing attorneys' fees in a Social Security action where the claimant has obtained a favorable judgment.  See 28 U.S.C. § 406(b)(1).

1

the reasons stated below, the Court **GRANTS** the Motion for an award of attorneys' fees in the amount of $32,657.48.  Further, the Court **ORDERS** Plaintiff's counsel to refund Plaintiff for the $9,000.00 Equal Access to Justice Act ("EAJA") fee that was previously awarded.

### I. BACKGROUND

On May 11, 2020, Plaintiff Hernando P. ("Plaintiff") initiated this action against Defendant Commissioner of Social Security ("Defendant"), seeking judicial review of the denial of his application for disability insurance benefits under 42 U.S.C. § 405(g).  (ECF No. 1.)  On October 8, 2020, Defendant filed the Administrative Record.   (ECF No. 8.)  Pursuant to the Court's Scheduling Order, on March 19, 2021, the parties filed a "Joint Motion for Judicial Review."  (ECF Nos. 9, 11.)  On September 3, 2021, the Court reversed the decision of the Commissioner and remanded the matter to the Social Security Administration ("SSA") for further administrative proceedings.  (ECF No. 12.)  On December 2, 2021, the parties filed a "Joint Motion for Attorney Fees Under the Equal Access to Justice Act," requesting the Court's approval of attorneys' fees and costs totaling $9,400.00.  (ECF No. 13.)  The following day, the Court granted the Joint Motion, ordering attorneys' fees in the amount of $9,000.00 under the EAJA, 28 U.S.C. § 2412(d), and costs in the amount of $400 under 28 U.S.C. § 1920.  (ECF No. 14.)

On June 10, 2024, Plaintiff's attorneys filed the instant Motion seeking $32,657.48 in attorneys' fees.  (ECF No. 18.)  In support, Plaintiff's attorneys explain that Plaintiff prevailed on remand and the SSA awarded him $170,629.90 in past-due Title II benefits for May 2017 through June 2023.  (ECF No. 18 at 2; ECF No. 18-1 at 1.)  The accompanying notice from the SSA states: "We withheld $42,657.48 (25%) for possible direct payment of any fees authorized by either the agency, the court, or both."  (ECF No. 18-1 at 1.)  Plaintiff's attorneys seek a fee award of $32,657.48 pursuant to a representation agreement dated April 30, 2020, in which Plaintiff agreed to pay counsel "25% of [] past due benefits" upon a successful appeal.  (ECF No. 18-3).  On June 21, 2024, Defendant filed a Response to the Motion, stating he "neither supports nor

opposes counsels' request for attorney's fees in the amount of $32,657.48," but asking that "the Court direct Plaintiff's counsel to reimburse Plaintiff any fees they previously received" under the EAJA. (ECF No. 20 at 2–3.) On June 26, 2024, Plaintiff's attorneys informed the Court they would not be filing a reply brief. (ECF No. 22.)

## II. **LEGAL STANDARD**

Pursuant to Section 406(b) of the Social Security Act, a court that has rendered a judgment in favor of a Social Security disability insurance ("SSDI") claimant who was represented by an attorney may award attorneys' fees in a "reasonable" amount, not to exceed twenty-five percent[4] of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A); Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). District courts have an independent duty to ensure that a § 406(b) contingency fee is "reasonable." Id. at 1149; see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The United States Supreme Court has explained:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements **as an independent check**, to assure that they **yield reasonable results** in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807 (internal citation and footnotes omitted, emphasis added). In evaluating the reasonableness of a fee request under § 406(b), district courts should consider the character of the representation and the results achieved. Id. at 808; see also Crawford, 586 F.3d at 1151.

---

[4] The Court notes that the twenty-five percent cap set forth in § 406(b)(1)(A) applies only to fees for representation before federal court and not to aggregate fees awarded for representation before both the court and the SSA. Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

Further, courts should examine the following factors: (1) whether counsel's performance was substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the requested fees were excessively large in relation to the benefits achieved, i.e., whether the requested fee would result in a "windfall" to the attorney. Crawford, 586 F.3d at 1151–52.  With respect to the last factor, the Ninth Circuit has noted that counsel in Social Security cases assume significant risk in accepting these cases, including the risks that no benefits will be awarded or that there will be a long court or administrative delay to resolve the case. Id. at 1152.  SSDI attorneys' fees under § 406(b) are paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment.  Gisbrecht, 535 U.S. at 802; Crawford, 586 F.3d at 1147. Attorneys are permitted to seek recovery under both the EAJA and § 406(b) and to keep the larger fee, but they must refund the smaller fee to the claimant.  Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012).

### III.  DISCUSSION

The "Contingent Fee Agreement" entered into between Plaintiff and his counsel, the Law Offices of Osterhout Berger Disability Law, LLC,[5] provides that if a federal appeal is successful and Plaintiff is awarded benefits, Plaintiff's counsel will be paid a maximum of twenty-five percent of past-due benefits awarded to Plaintiff.  (ECF No. 18-3.)  Because the agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine whether it is reasonable.  See 42 U.S.C. § 406(b)(1)(A); Crawford, 586 F.3d at 1145.  On remand, the Commissioner awarded Plaintiff $170,629.90 in past-due benefits and withheld $42,657.48, or twenty-five percent, for "possible direct payment of any fees."  (ECF No. 18-1 at 1.)  Plaintiff's attorneys seek $32,657.48 in fees,[6] which represents

---

[5] The name of the law firm is now "Osterhout Berger Daley, LLC."  (See, e.g., ECF No. 18.)
[6] Because Plaintiff was previously awarded an EAJA fee, Plaintiff's attorneys' request is for $10,000 less than the maximum amount withheld by the SSA and allowed under the contingency agreement.  (ECF No. 18 at 2.)

approximately nineteen percent of the past-due benefits awarded to Plaintiff. (ECF No. 18 at 5.)

Under the first two Crawford factors, there is no suggestion that Plaintiff's counsel provided substandard representation or delayed litigation. Crawford, 586 F.3d at 1151–52. Plaintiff's counsel, in a timely and efficient matter, achieved remand for Plaintiff and secured a highly favorable decision on remand, including a sizeable award of past-due benefits. (ECF No. 18 at 4; ECF No. 18-1 at 1.) Additionally, assuming continued disability until age sixty-seven and no benefit increases, Plaintiff's attorneys estimate Plaintiff's future benefits award will be approximately $100,000. (ECF No. 18 at 4.) Adding the approximate past-due benefits ($170,000) and future benefits ($100,000), Plaintiff's attorneys contend the total value of this decision to Plaintiff is approximately $270,000. (Id.) Thus, there is no evidence to indicate the requested fee amount should be reduced for substandard performance or undue delay.

When considering the third Crawford factor, the Court must consider whether the requested fees are excessively large in relation to the benefits achieved. See Crawford, 586 F.3d at 1151–52. Plaintiff's attorneys state they "expended 50.0 hours on behalf of Plaintiff," and provide an itemization of those hours from March 2020 to November 2021. (ECF No. 18 at 6; ECF No. 18-2 at 1.) Dividing counsel's requested fees by the number of hours expended results in an effective hourly rate of $653.15. (Id.) This hourly rate falls within the range of hourly rates awarded in other Social Security cases. See, e.g., Elsa M. P. v. Kijakazi, Case No. 5:19-cv-01698-JC, 2021 WL 4497930, at *3 (C.D. Cal. July 14, 2021) (finding that a fee award of $12,000 for 14.65 hours of counsel and paralegal work, or a *de facto* hourly rate of $819.11, was reasonable); Reddick v. Berryhill, Case No.: 16-cv-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (finding, on reconsideration, that a fee award of $43,000 for 21.6 hours of work, or a *de facto* hourly rate of $1,990.74, was reasonable); Thomas v. Colvin, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (finding that a fee award of $44.603.50 for 40.8 hours of work, or a *de facto* hourly rate of $1,093.22, was

reasonable).

Furthermore, courts recognize that "a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021) (internal quotation marks and citations omitted); see also Moreno v. Berryhill, No. CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap."). Following Gisbrecht, "district courts have been deferential to the terms of contingency contracts in Section 406(b) cases, recognizing that the resulting *de facto* hourly rates typically exceed those for non-contingency fee arrangements." Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2 (C.D. Cal. July 2, 2009) (internal citations omitted). Here, Plaintiff's attorneys assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis, and counsel's work ultimately resulted in a highly favorable result for Plaintiff, who raises no opposition to the fee request. (See generally Docket.) The Court therefore concludes that Plaintiff's attorneys' request for fees amounting to $32,657.48 is reasonable. See Gisbrecht, 535 U.S. at 807–09.

Finally, while attorneys may seek recovery under both the EAJA and § 406(b) and may keep the larger of the two, they must refund the smaller fee to the claimant. Gisbrecht, 535 U.S. at 796. Because Plaintiff's attorneys were previously awarded $9,000.00 in fees pursuant to the EAJA, this amount must be refunded to Plaintiff. (ECF No. 14.)

///
///

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's attorneys' Motion [ECF No. 18] and awards the Law Offices of Osterhout Berger Daley, LLC attorneys' fees in the amount of $32,657.48.  The Court further **ORDERS** the Law Offices of Osterhout Berger Daley, LLC to reimburse Plaintiff in the amount of $9,000.00 for the EAJA fees previously awarded by this Court.

**IT IS SO ORDERED.**

Dated:  July 11, 2024

Honorable Michael S. Berg
United States Magistrate Judge